IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-111-FL-1
No. 7:13-CV-12-FL

| | | |
|---|---|---|
| JONATHAN BLAKE LOGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge William A. Webb (DE 60), addressing petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (DE 46), and the government's motion for summary judgment (DE 51).[1] Before the court takes up the issues raised, the record needs to be expanded with benefit also of further briefing. The Federal Public Defender is directed to provide representation to petitioner going forward.

## BACKGROUND

Petitioner, who was a very large distributor of crack and powder cocaine in the Robeson County area, signed a plea agreement as presented to him by and through Frank Bradsher, Assistant United States Attorney, with benefit of representation provided through defense counsel, Carlton Mansfield, on February 19, 2010. Signatures of petitioner and then counsel appear on the

---

[1] The magistrate judge notified the parties that the government's motion, framed as one to dismiss, would be converted to a summary judgment motion.

agreement. The agreement makes reference to a criminal information wherein it is alleged petitioner engaged in a conspiracy from 2007 until November 13, 2009, to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base (crack) and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 from 2007 until November 13, 2009. (DE 66). The government ultimately did not proceed on its information.

On September 22, 2010, indictment was returned wherein petitioner was charged with engaging in that conspiracy described above and two distribution counts of five grams or more of crack on May 8, 2009, and June 12, 2009, respectively. Pursuant to another plea agreement entered into the record January 10, 2011, petitioner pleaded guilty to the conspiracy count, and the case proceeded to sentencing, with representation to petitioner provided by C. Burrell Shella, who had supplanted Assistant Federal Public Defender Joseph Bart Gilbert upon notice of conflict, in the weeks prior to the January 10, 2011, arraignment.

The presentence investigation report ("PSR") attributed to petitioner a total drug amount of 20,527.91 grams of cocaine base, 3,505.15 grams of cocaine, and 113.4 grams of marijuana, equivalent to 411,259.34 kilograms of marijuana. The PSR erred in converting the amount of drugs attributed to petitioner, however, based on an outdated conversion ratio of crack to marijuana. (PSR, ¶ 48, DE 31). The court noted the error at sentencing and correctly calculated the marijuana equivalency to be 74,006.3 kilograms. (Sentencing Hr'g Tr. 11:11-15, DE 44). However, as this amount still remained well above the minimum of 30,000 kilograms required for a base offense level of 38 under section 2D1.1(c)(1) of the United States Sentencing Guidelines, petitioner's base offense level remained unchanged. (Id., 11:16-17).

Based on a statement given by petitioner to investigators February 19, 2010, 18,119.26 grams

2

of crack and 3,505.15 grams of cocaine were included in that drug amount. Based on a statement petitioner gave to investigators upon his second arrest October 21, 2010, 648.65 grams of crack were added to the total.

With respect to the statement petitioner provided on February 19, 2010, the date he signed the first plea agreement, the PSR informed that this information was "initially considered protected as part of a Plea Agreement; however, [petitioner] subsequently violated the terms of the agreement with the government, thus rendering the information applicable for guideline calculation purposes." (PSR, ¶ 10, DE 31). The PSR also informed that upon petitioner's arrest October 21, 2010, pursuant to arrest warrant issued September 22, 2010, he admitted that he continued to sell drugs after signing the February 19, 2010, plea agreement. (Id., ¶ 11).

At petitioner's sentencing hearing January 5, 2012, counsel for the government stated that petitioner was arrested the second time, on indictment, "because he was not fulfilling his agreement to cooperate with the government." (Sentencing Hr'g Tr. 10:14-17, DE 44). Counsel also urged the third point for acceptance of responsibility be accorded this defendant because of his truthfulness when arrested October 21, 2010. (Id., 6:20-25). The probation officer's recommendations of a two-level enhancement for use of a firearm, another two-level enhancement for restraint of a victim in the course of the offense, and a four-level enhancement for plaintiff's role as an organizer or leader of a criminal activity involving five or more participants, (PSR, ¶¶ 49-51), were adopted by the court. After a three-level reduction for acceptance of responsibility, petitioner's total offense level was 43, which, when combined with his criminal history category of III, resulted in a recommended sentencing guideline range of life imprisonment. (Id., ¶¶ 57, 59).

Petitioner did not object to the PSR, nor did he challenge the government's characterization

3

of his arrest at the sentencing hearing. The court accepted finally the plea agreement, dismissed the two additional counts against petitioner, as agreed, and sentenced the petitioner also upon separate motion filed by the government in advance of the January 5, 2012, hearing to 360 months imprisonment and five years supervised release. Petitioner did not file a direct appeal.

Petitioner filed his motion on January 14, 2013. As grounds for relief under 28 U.S.C. § 2255, petitioner asserts that his counsel provided ineffective assistance by failing to: 1) object to the attribution of drugs that were the result of statements petitioner provided to law enforcement; 2) challenge enhancement based on petitioner's role in the offense; and 3) challenge the indictment.

In its supporting memorandum in furtherance of its motion, respondent acknowledges that petitioner's information given February 19, 2010, originally was protected as part of a prior plea agreement not filed with the court. (Res's. Mem. re Mot. to Dismiss, 2, DE 52). In his response to respondent's motion, petitioner made mention of certain background facts concerning the information and the first plea agreement, including that he had been "arrested on November 13, 2009[,] and charged by Information," (Pet's. Opp. to Mot. to Dismiss, 2, DE 56), and further, that "[o]nce Petitioner agreed to cooperate . . . and provided information on himself and others, Petitioner was released on December 12, 2009." (Id.).

On June 19, 2013, the magistrate judge notified the parties that respondent's motion to dismiss would be converted to one for summary judgment. In response, petitioner filed his affidavit July 12, 2013, describing his drug dealing after he entered into the first plea agreement. He testified to his surprise at seeing the drug weight enhanced by his own statements in the PSR. He told his lawyer to object but "Shella told me that he could not object, because my continued involvement with drugs after I was released on bond caused the drugs from my statements to be used against me."

4

(Pet's. Aff., 1, DE 59).

In the M&R entered on July 24, 2013, it is recommended that the court grant respondent's motion for summary judgment and deny petitioner's motion to vacate. The magistrate judge had neither the information or the first plea agreement before him. Petitioner filed objections September 4, 2013, referencing his arrest November 13, 2009, followed by his release December 12, 2009, together with a cooperation agreement pursuant to which he provided information to the government. (Obj. to M&R, 2, DE 63). The government, represented throughout this phase of the case by Seth Wood, Assistant United States Attorney, filed its cursory response September 17, 2013.

After its preliminary review, on July 15, 2014, the court issued a text order directing the government to file additional documentation, providing as follows:

> [W]here reference is made to a plea agreement entered into prior to or shortly after petitioner's release in December 2009, which has never been filed with the court, together with a criminal information, the court DIRECTS the government to file a copy of that agreement and the underlying information, under seal, in supplement to the filings of record . . . .

On July 17, 2014, the government filed a copy of an unsigned and undated "proposed criminal information," together with copy of the plea agreement dated February 19, 2010, bearing signatures for defendant and his counsel. (DE 66). The government also submitted a "response" to accompany these documents. In its response, among other things, the government clarifies its position concerning why petitioner was indicted:

> Respondent's original memorandum in support of its motion for summary judgment incorrectly stated that Petitioner was indicted because of illegal conduct. (D.E. 52 at 2). Rather, as the sentencing transcript shows, Petitioner was indicted because he failed to fulfill his obligation to cooperate with the government. (D.E. 52-1 at 10). Following his arrest, Petitioner admitted to engaging in illegal conduct after signing his first plea agreement. (D.E. 52-1 at 7). Undersigned counsel regrets this error.

5

Res., 3, DE 67). Wood also writes about just learning that neither were filed with the court. Therefore, it is argued, contrary to petitioner's claim, he never was formally charged by information in November 2009.

At sentencing, Bradsher offered petitioner was not arrested, rather he was approached by law enforcement in February 2010, and given opportunity to discuss people in the community involved with the distribution of cocaine, with high hopes counsel related. No objection however was raised by the government to the magistrate judge's finding that petitioner was arrested on November 13, 2009, on the criminal information, and released from custody on December 12, 2009. Nor does the government contest the proposed finding that he entered into a plea agreement with the government before his release.

## COURT'S DISCUSSION

Rule 7(a) of the Rules Governing Section 2255 Proceedings ("Section 2255 Rules") provides that a judge "may direct the parties to expand the record by submitting additional materials relating to the motion." Materials that may be required include "answers under oath to written interrogatories propounded by the judge," as well as affidavits. Section 2255, Rule 7(b). The purpose of expanding the record under Rule 7 is to enable the judge to dispose of petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing. See Section 2255, Rule 7, advisory committee note (referring to advisory committee note to Rule 7 of the Rules Governing Section 2254 proceedings "for a full discussion of reasons and procedures for expanding the record"); Rules Governing Section 2254 Proceedings, Rule 7, advisory committee note.

As set forth below, the court requests supplementation of the record with additional

6

materials. Then, once supplemented, the parties will be given opportunity to supplement their arguments of record.

A.      Status of Petitioner

There is certainly considerable confusion as to petitioner's custodial versus non-custodial status between November 2009 and February 19, 2010. It is clear he never was subject to any release conditions imposed in this court. His references in the record lead to some suggestion that he was subject to some prosecutorial action somewhere prior to February 19, 2010. The court requests from the government materials of the type described in Rule 7(b) to develop the truth of the matter.

B.      Breach of February 19, 2010, Plea Agreement

Upon review of the February 19, 2010, plea agreement, the court notes the following provisions pertinent to defendant's obligation to cooperate:

> The Defendant agrees . . .
>
> h. Whenever called upon to do so by the United States, (1) to disclose fully and truthfully in interviews with Government agents information concerning all conduct related to the Criminal Information and any other crimes of which the Defendant has knowledge, and (2) to testify fully and truthfully in any proceeding. These obligations are continuing ones. The Defendant agrees that all of these statements can be used against the Defendant at trial if the Defendant withdraws from this plea agreement or is allowed to withdraw the guilty plea.
>
> i   If the Defendant provides false, incomplete, or misleading information or testimony, this would constitute a breach of this Agreement by the Defendant. The Defendant shall be subject to prosecution for any federal criminal violation. Any information provided by the Defendant may be used against the Defendant in such a prosecution or other proceeding. If the defendant should breach this agreement, in any regard, any information provided by defendant, may be used against defendant.

(Mem. of Plea Agreement, ¶¶ 2h, 2i, DE 66).

It is not clear from the record that plaintiff was actually "called upon" to provide information in an interview or to testify at any particular point in time, aside from the statements petitioner provided on February 19, 2010, and October 21, 2010. It is also unclear how defendant could have provided false, incomplete, or misleading information or testimony absent being called upon to do so at a particular point in time.

It also is memorialized that "[t]his memorandum constitutes the full and complete record of the Plea Agreement" and that "[t]here are no other agreements between the parties in addition to or different from the terms here." (Id., ¶ 1). The government does not dispute the effectiveness of the first plea agreement to shield his statements, had he cooperated.

Pursuant to Rule 7(a), the court requests the government to designate its representative to answer under oath the following interrogatories, providing further details regarding its allegations that defendant failed to honor the terms of the February 19, 2010, plea agreement:

**INTERROGATORY NO. 1:**

Describe in detail and with particularity any specific instance(s) where petitioner was called upon by the government in an interview with government agents to disclose information concerning all conduct related to the proposed criminal information, or any other crimes of which defendant had knowledge, but failed to provide such information.

**INTERROGATORY NO. 2:**

Describe in detail and with particularity any specific instances in which petitioner failed to testify fully and truthfully in any proceeding.

**INTERROGATORY NO. 3:**

Describe in detail and with particularity any specific instance not previously identified in which petitioner breached the plea agreement of or relating to the proposed criminal information.

**INTERROGATORY NO. 4:**

Was there some other agreement by any authority entered into with respondent at or before February 19, 2010, related to his cooperation? If so, describe in detail and with particularity.

C.  Petitioner's Admissions

Rule 7(c) of the Section 2255 Rules provides that, after the court expands the record according to Rule 7(a), it "must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." Accordingly, after the government responds as required above, petitioner may file response admitting or denying the correctness of 1) the "proposed criminal information" and plea agreement dated February 19, 2010, previously filed; 2) any additional facts promoted by the government in its July 17, 2014, response; and 3) materials or responses of the government, filed in response hereto.

When the record has been so expanded, further briefing will be undertaken. The court directs the parties to confer through counsel and tender a suggested schedule for the activities herein directed.

**CONCLUSION**

The court holds in abeyance decision on motions, pending expansion of the record and further briefing as herein ordered. The court has directed the Federal Public Defender to provide representation to petitioner, and requires that the sides confer through counsel and submit a proposed case schedule within seven days hereof. Accordingly, the clerk also shall serve a copy of this order upon the Federal Public Defender.

9

SO ORDERED, this the 24th day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

10